**CLIFTON BUDD & DeMARIA, LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP • LAW OFFICES

420 Lexington Avenue, New York, New York 10170-0089
tel 212.687.7410    fax 212.687.3285    www.cbdm.com

111 Washington Avenue
Suite 600
Albany, NY 12210
tel 518.452.0500
fax 518.689.4854

300 Broadacres Drive
Bloomfield, NJ 07003
tel 973.338.1039
fax 973.893.0499

April 4, 2011

**VIA ECF**
Magistrate Lois Bloom
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Louis v. Brooklyn Botanic Garden*
      Civil Action No. 10-CV-05406 (JG)(LB)

Dear Magistrate Bloom:

This law firm represents the Defendant, Brooklyn Botanic Garden ("BBG") in the above-referenced matter. This letter addresses "Plaintiff's Objection to Deposition Taken by Defendant March 30, 2011."

First, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff was noticed for his deposition, which took place on March 30, 2011. Plaintiff's application arises out of his deposition. At the start of the deposition, Plaintiff indicated that he wanted to ask Rochelle Cabiness, BBG's Director of Human Resources, questions about the claims in the lawsuit. Ms. Cabiness was present at the deposition as the corporate representative. I informed Plaintiff that the purpose of the March 30th deposition was to conduct his deposition and that he could not, on that day, ask questions of Ms. Cabiness. I also informed him that if he wanted to take Ms. Cabiness's deposition, he would need to provide notice and Defendant would produce her for deposition.

Second, at the deposition in my preliminary instructions, I informed the Plaintiff that his responses had to be verbal as the court reporter could not take down a "u-hum" (positive) or "mm-mm" (negative), shakes of the head or hand gestures. I also explained to him that he could ask me to explain or clarify any of my questions if he did not understand any of my questions. At no point in time did I inform him that his responses needed to limited "yes" or "no." Unfortunately, a review of the transcript when it is ready, will demonstrate Plaintiff making long statements, most of which are not responsive to any question.

Third, at no point in time, did the court reporter have any of my questions or Plaintiff's answers off the record. We did go off the record to discuss lunch breaks and the copying of some of the deposition exhibits.

CLIFTON BUDD & DeMARIA, LLP

Magistrate Lois Bloom
April 4, 2011
Page 2

Fourth, at no time did I yell or scream at the Plaintiff in any manner, but simply instructed him to answer the questions that were asked as opposed to make long statements that were not responsive to the question. Plaintiff's assertions that I screamed at him the entire deposition is simply false and outrageous.

Last, I respectfully do not understand what the Plaintiff is asserting with respect to the audio CD, which apparently is an audio recording Plaintiff had made when employed. Plaintiff produced copies during discovery and Plaintiff asserted that he also has copy of the CD.

Defendant is aware and understands that courts provide wide latitude to *pro se* litigants. However, that makes Plaintiff's patently false and inappropriate filing no less troubling. Defendant is not seeking sanctions against Plaintiff for his filing, but respectfully requests that Plaintiff's application, to the extent he is requesting any relief, be denied in its entirety.

If you should have any questions, please do not hesitate to contact the parties.

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP

By: _____
George F. Brenlla

GFB/vc
cc: Maurice Louis (via first class mail)

gfb/letters/Magistrate Bloom