UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

# ORIGINAL

MAURICE LOUIS

               **Plaintiff**

INDEX NO.
10 CV 05406 (JG) (LB)

-against-
BROOKLYN BOTANIC GARDEN

               **Defendant**

-------------------------------------------X

**PLAINTIFF'S MOTION TO STRIKE
DEFENDANT REPLY MEMORANDUM
OF LAW DATED JULY 29/2011 FOR
LACK OF SIGNATURE**

Dear Honorable District Court Judge John Gleeson

Plaintiff respectfully requests the Court that Defendant's Reply Memorandum of Law in Support of Its Motion for Summary Judgment dated July 29,2011, be stricken for lack of signature; because it was submitted unsigned, without the signature of an attorney of record or party and in opposition to Federal Rules Civil Procedure 11 (a), which commands "Every pleading, written motion and other papers shall be signed at least by an attorney of record or party..." A copy of the unsigned Defendant's Reply Memorandum of Law dated July 29, 2011 is hereby attached in support to Plaintiff's Motion.

WHEREFORE, it is respectfully requested that the Defendant's Reply Memorandum of Law dated July 29/2011 shall be stricken for lack of signature as the Court deems just and proper.

Respectfully submitted,

Dated August 10, 2011

*[signature]*

Maurice Louis
Plaintiff *Pro Se*
130 Pennsylvania Avenue
Roosevelt NY 11575
Phone 516 223 3110



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAURICE LOUIS,

                              Plaintiff,

        - against-

BROOKLYN BOTANIC GARDEN,

                              Defendant.

Civil Action No.
10-CV-05406 (JG)(LB)


**DEFENDANT'S REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**


CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendant
420 Lexington Avenue
New York, New York 10170-0089
212-687-7410


Counsel
George F. Brenlla, Esq. (GB-9612)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT .............................................................................................................1

POINT I      THE FACTS NOT PROPERLY REFUTED IN DEFENDANT'S
LOCAL RULE 56.1 STATEMENT ARE DEEMED ADMITTED .......................1

POINT II     PLAINTIFF HAS NOT PROVIDED ANY EVIDENCE THAT
DEFENDANT'S LEGITIMATE BUSINESS REASON GIVES
RISE TO AN INFERENCE OF DISCRIMINATION OR
RETALIATION OR WAS PRETEXTUAL ..............................................................2

     A.    Plaintiff's Assertions That BBG's Financial Condition Was
Not Poor And That No Position Elimination Was Needed
Not Only Are Unsupported By The Record, But Also Do
Not Evidence Discrimination And/Or Retaliation ........................................4

     B.    Plaintiff's Assertions That Defendant Hired More
Employees Do Not Evidence Discrimination Or Establish
Pretext ....................................................................................................6

     C.    Plaintiff Fails To Address That The Decision To Select
Him And Others For Position Elimination Occurred Prior
To His EEOC Charge .................................................................................8

     D.    Plaintiff's Various Unsupported Assertions Do Not
Evidence Discrimination or Retaliation .......................................................8

CONCLUSION ........................................................................................................10

## TABLE OF AUTHORITIES

<u>Page(s)</u>

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................. 3

*Aztar Corp. v. N.Y. Entertainment, LLC*,
    15 F.Supp. 2d 252 (E.D.N.Y. 1998), *aff'd*, 210 F.3d 354 (2d Cir. 2000) ............................ 2

*Coleman v. Prudential Relocation*,
    1997 U.S. Dist. LEXIS 12937 (W.D.N.Y. 1997) ................................................. 6

*Cooper v. Gottlieb*,
    2000 U.S. Dist. LEXIS 12936 (S.D.N.Y. 2000) ................................................. 2

*Deebs v. ALSTOM Transportation, Inc.*,
    2009 U.S. LEXIS 20851 (2d Cir. 2009) .......................................................... 5

*Dixon v. Int'l of Accountants*,
    2011 U.S. App. LEXIS 6116 (2d Cir. 2011) ..................................................... 9

*Ezold v. Wolf, Block, Schorr & Solis-Cohen*,
    1992 U.S. App. LEXIS 33794 (3d Cir. 1992) ................................................... 9

*Goenaga v. March of Dimes Birth Defects Foundation*,
    51 F.3d 14 (2d Cir. 1995) ........................................................................... 3

*Millus v. D'Angelo*,
    224 F.3d 137 (2d Cir. 2000) ....................................................................... 2

*Norbuta v. Loctite Corp.*,
    2001 U.S. App. LEXIS 305 (6th Cir. 2001) ..................................................... 5

*O'Sullivan v. New York Times*,
    1999 U.S. Dist. LEXIS 3011 (S.D.N.Y. 1999) ................................................. 6

*Posner v. Sprint/United Management Co.*,
    2007 U.S. Dist. LEXIS 20011 (S.D.N.Y. 2007) ............................................... 9

*Young v. Daughters of Jacob Nursing Home*,
    2011 U.S. Dist. LEXIS 74694 (S.D.N.Y. 2011) ............................................... 9

**RULES**

Fed. R. Civ. P. 56(e) ......................................................................................... 2, 3

Local Civil Rule 56.1(d) ..................................................................................... 2

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted by Defendant, Brooklyn Botanic Garden ("Defendant" or "BBG"), in further support of its motion for summary judgment. Plaintiff's opposition does little more than provide unsupported conclusory assertions that somehow Defendant discriminated against him and retaliated against him because of his May 3, 2010 EEOC charge. Plaintiff remains unable to set forth a *prima facie* case of discrimination and/or retaliation. Moreover, he has not presented any evidence that his termination of employment was a pretext for discrimination and/or retaliation.

Based on the unrefuted facts in this case, Defendant's motion for summary judgment should be granted. All exhibits and citations referred to in this Memorandum of Law are attached to the Notice of Motion, except for the Reply Affidavit of Rochelle Cabiness, which is submitted herewith.

## ARGUMENT

## POINT I

### THE FACTS NOT PROPERLY REFUTED IN DEFENDANT'S LOCAL RULE 56.1 STATEMENT ARE DEEMED ADMITTED

Local Rule 56.1 of the Civil Rules of the United States District Court for the Eastern District Court provides, in relevant part, that:

> (b)     The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party....

> (c)     Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d)     Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(e).

Defendant submitted a statement of undisputed material facts not in dispute with supporting citations to the record. Plaintiff's Counter 56.1 statement simply provides irrelevant and unsupportable arguments, but does not refute Defendant's facts. Thus, Rule 56.1 requires the facts that Defendant has not properly refuted to be "deemed to be admitted" for the purposes of considering this summary judgment motion. *See Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) (noting that the district court properly "granted summary judgment in favor of defendants following Millus's failure to deny" various allegations of the defendants, as per Local Rule 56.1); *Aztar Corp. v. N.Y. Entertainment, LLC*, 15 F.Supp. 2d 252, 254 n.1 (E.D.N.Y. 1998), *aff'd*, 210 F.3d 354 (2d Cir. 2000) (responses that "lack of knowledge or information sufficient to either admit or deny" are inadequate); *Cooper v. Gottlieb*, 2000 U.S. Dist. LEXIS 12936, *12 (S.D.N.Y. 2000) (holding that a denial without evidence to support the denial is "conclusory" and "wholly inadequate under Local Civil Rule 56.1(d)"). Not only are the facts contained in Defendant's Local Rule 56.1 deemed admitted; the facts are not refuted by any submission Plaintiff has served.

### POINT II

### PLAINTIFF HAS NOT PROVIDED ANY EVIDENCE THAT DEFENDANT'S LEGITIMATE BUSINESS REASON GIVES RISE TO AN INFERENCE OF DISCRIMINATION OR RETALIATION OR WAS PRETEXTUAL

It is axiomatic that in response to a motion for summary judgment, the non-moving party cannot meet its burden through reliance on unsupported assertions, conclusory statements, and contentions that the affidavits supporting the motion are not credible or "upon

- 2 -

the mere allegations of denial of the adverse parties' pleadings." Fed. R. Civ. P. 56(e); *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). Evidence that is "merely colorable," conclusory or speculative is insufficient to defeat Defendant's motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Applying these standards, this Court should grant Defendant's motion for summary judgment.

Plaintiff's memorandum of law and affidavit in opposition to Defendant's motion contains numerous conclusory assertions without any support in the record and do not refute that: (a) in the latter part of 2008, BBG's financial condition was poor and several layoffs were contemplated (Cabiness Aff. ¶ 7); (b) amongst one of those layoffs contemplated in the latter part of 2008 was Plaintiff's position (Cabiness Aff. ¶ 7); (c) due to BBG's financial condition, the vast majority of employees were not provided with any salary increase that would become effective in 2009 or 2010 (Cabiness Aff. ¶ 8; Gasparini Aff. ¶ 3); (d) in 2009, BBG was required to eliminate nine (9) positions due to its financial condition (Cabiness Aff. ¶ 9); (e) BBG was required to furlough all employees for five (5) days in order to further reduce costs (Cabiness Aff. ¶ 10; Gasparini Aff. ¶ 5); (f) in 2010, due to New York City budget cuts and other economic factors, BBG's financial condition did not improve (Cabiness Aff. ¶ 11; Gasparini Aff. ¶ 6); (g) in January 2010, BBG eliminated one (1) additional position (Cabiness Aff. ¶ 11; Gasparini Aff. ¶ 7); (h) in April 2010, Mr. Gasparini decided to eliminate Plaintiff's position and have the current employees in his department perform the basic mailroom and shipping functions (Cabiness Aff. ¶ 14; Gasparini Aff. ¶ 9); (i) in April 2010, BBG selected another seven (7) positions to be eliminated, effective July 2010, including the Plaintiff's position (Cabiness Aff. ¶ 14-15; Gasparini Aff. ¶ 9); (j) further, BBG was forced to reduce employee salaries (3 days) in 2010 in order to continue to operate (Cabiness Aff. ¶ 16; Gasparini Aff. ¶ 5); (k) in July 2010,

- 3 -

Plaintiff, along with the six other employees, was informed of the decision to eliminate their positions (Cabiness Aff. ¶ 17; Gasparini Aff. ¶ 11); and (l) Plaintiff was not replaced, rather existing employees assumed the functions of his position. (Cabiness Aff. ¶ 19; Gasparini Aff. ¶ 14). Further, Plaintiff also cannot refute that the two employees in his department, Gary Philips and Joseph Jean, performed the basic mailroom and shipping functions. (Gasparini Aff. ¶ 14). Both Mr. Philips and Mr. Jean are Black and Mr. Jean is of Haitian descent, and both now report to Gasparini. (Gasparini Aff. ¶¶ 14-15).

In sum, there is no evidence whatsoever that the circumstances surrounding Plaintiff's termination of employment give rise to inference of discrimination or retaliation, let alone, any evidence demonstrating that the reason for his termination was false and that discrimination or retaliation was the real reason. Accordingly, this Court should grant Defendant's motion for summary judgment.

A. **Plaintiff's Assertions That BBG's Financial Condition Was Not Poor And That No Position Elimination Was Needed Not Only Are Unsupported By The Record, But Also Do Not Evidence Discrimination And/Or Retaliation**

Throughout Plaintiff's opposition papers, Louis, without any evidentiary support, claims that BBG's financial position was not poor and position eliminations were not needed. Thus, he argues that his position elimination must have been discriminatory and/or retaliatory. Plaintiff's argument must fail.

First, Plaintiff does not provide any factual support for his assertion that BBG, a not-for-profit institution, which heavily depends on funding by New York City and others, was not having financial difficulties. Plaintiff ignores the unfortunate fact that 17 individuals had their positions eliminated. Notably, out of these 17 employees, four (4) were African-Americans/Black, ten (10) were Caucasian, and three (3) were Asian. (*See* Cabiness Reply

Aff. 2). Furthermore, Plaintiff cannot refute that there were furloughs as well as reductions in salaries.

Second, Plaintiff's assertions are still irrelevant as the courts have uniformly held that they are not to second-guess business decisions with respect to reductions-in-force ("RIFs"). For example, in *Deebs v. ALSTOM Transportation, Inc.*, 2009 U.S. LEXIS 20851 (2d Cir. 2009), plaintiff Drake alleged that he was discriminated against on the basis of his age when his employment with defendant was terminated due to a general RIF. *Id.* at *2. In ruling for the defendant, the court held that it was irrelevant that plaintiff did not know about the RIF and that his assertion that younger employees were hired during the time of his termination was insufficient to raise a material issue of fact. *Id.* at *5.

Similarly, in *Norbuta v. Loctite Corp.*, 2001 U.S. App. LEXIS 305 (6th Cir. 2001), plaintiff claimed that defendant discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA") and on the basis of his national origin when he was terminated as a result of a RIF. *Id.* at *2. Specifically, plaintiff's argument was comprised of challenges to defendant's business judgment in deciding to implement the RIF. *Id.* at *24. In granting summary judgment for the defendant, the court held that:

> When an employer implements an RIF, the unfortunate fact is that someone has to go. It is not the prerogative of the courts to engage in the post-hoc management of the employer's internal affairs by second-guessing how personnel could have been more equitably allotted, or cost-savings better realized. [Plaintiff] must provide evidence not that [defendant] could have made a business decision that others might think more fair, but that [defendant] made the decision to terminate him because of his membership in a protected class.

*Id.* at *24-*25.

- 5 -

In *O'Sullivan v. New York Times*, 1999 U.S. Dist. LEXIS 3011 (S.D.N.Y. 1999), plaintiffs alleged that they were illegally discharged on the basis of their age when they were terminated from their positions in a RIF in the Circulation Department of the New York Times. *Id.* at *1-2. In granting defendant's motion for summary judgment, the court noted that "[a]bsent a legally cognizable civil rights violation, the running of the affairs of a business entity is for management, not for disappointed employees or their counsel…. Moreover, it is not available to this Court to substitute its ideas of how to run a business for those of the managers duly vested with that responsibility, except where the basis for a management decision is shown to be an unlawful one." *Id.* at *3. Indeed, the court held that "courts are not to interfere with the employer's business judgment so long as that judgment is not exercised for discriminatory reasons." *Id.* at *25-26. *See Coleman v. Prudential Relocation*, 1997 U.S. Dist. LEXIS 12937, *12 (W.D.N.Y. 1997) ("The laws prohibiting discrimination in employment were not intended to transform the courts into personnel managers. The Second Circuit has reminded district courts that they do not have a roving commission to review business judgments, and that they must refrain from intruding into an employer's policy apparatus or second-guessing a business's decision-making process.").

Likewise, in the present case, BBG, due to its financial condition, was required to take numerous cost-cutting measures, including 17 position eliminations. Plaintiff's assertions that BBG was not having financial difficulties are not support by the evidence and moreover, do not demonstrate discrimination or retaliation.

**B.  Plaintiff's Assertions That Defendant Hired More Employees Do Not Evidence Discrimination Or Establish Pretext**

In a desperate attempt to survive summary judgment, Plaintiff attempts to take testimony and responses to his document demands out of context. However, a clear reading of

- 6 -

the evidence demonstrates that Plaintiff's attempt distorts the record evidence. In response to Plaintiff's interrogatory No. 13, Defendant asserted the following:

> <u>Interrogatory No. 13:</u>
> **Altogether, please provide the overall total of employees the Defendant currently has on his payroll.**
>
> > <u>**Response**</u>:
> > As of March 25, 2011 payroll, Defendant has 135 employees and 76 per diem employees.

*(See* Cabiness Reply Aff. Ex. 1).

Notably, when Rochelle Cabiness, BBG's Director of Human Resources, provided her deposition on May 4, 2011, she was asked whether there are more employees on payroll than the total of 211 listed in the Response Interrogatory No. 13. (Cabiness dep. 83). Since May is BBG's busy period and every year for the last 30 years during Cabiness's employment per diem seasonal employees are hired during spring season and are budgeted for, as of May 4, 2011 there were more than 211 employees because BBG hires per diem workers every spring. (Cabiness Reply Aff. ¶5). Plaintiff's assertion that in the spring and summer time, every year BBG hires more seasonal per diem employees to accommodate its guests does not evidence discrimination.

Also, Plaintiff argues that BBG hired employees in 2009 and 2010 and that the employees hired cost more than the employees who had their position eliminated. Once again, Plaintiff conveniently ignores the record evidence. As the unrefuted facts demonstrate, during 2009 and 2010, BBG did replace employees for positions that were not eliminated and were already in the budget. If an employee left BBG's employ for any reason and that position was in the budget, that employee was replaced. (Gasparini Aff. ¶12; Cabiness dep. 69-71). As Cabiness clearly testified, these positions were not new positions but simply replacement positions. (Cabiness dep. 70).

- 7 -

**C.    Plaintiff Fails To Address That The Decision To Select Him And Others For Position Elimination Occurred Prior To His EEOC Charge**

Throughout Plaintiff's opposition papers and his memorandum of law, Plaintiff alleges that he was terminated six (6) weeks after he filed his May 3, 2010 EEOC Charge. (*See* Plaintiff Opp. Memo. pp. 9-11). However, Plaintiff ignores the fact that his position as well as other positions were selected for elimination prior to Plaintiff's May 3, 2010 EEOC charge. The unrefuted facts are that in April 2010, Mark Gasparini decided to eliminate Plaintiff's position and have current employees in his department perform the basic mailroom and shipping functions. (Cabiness Aff. ¶ 14; Gasparini Aff. ¶ 9). Notably, Plaintiff's position was slated to be eliminated in late 2008 by the former Chief Financial Officer. (Cabiness Aff. ¶ 7). In April 2010, BBG selected another seven (7) positions to be eliminated effective July 2010, including Plaintiff's position. (Cabiness Aff. ¶¶14-15; Gasparini Aff. ¶9). Thus, there can be no inference of retaliation. Further, there is no evidence of pretext as Plaintiff's position elimination was part of various cost-cutting measures BBG was forced to undertake.

**D.    Plaintiff's Various Unsupported Assertions Do Not Evidence Discrimination or Retaliation**

Plaintiff throughout his opposition papers asserts various allegations without any factual support and simply states that he was harassed and discriminated against. In support of his assertions, he supplies newspapers articles regarding former BBG employee Anthony Quarless. However, these submissions not only are inadmissible, but also do not even demonstrate that Plaintiff was discriminated against. Also, Plaintiff asserts in his affidavit that a former employee, Fedy Bruno, was also discriminated against because he was Haitian. (*See* Pla. Aff. ¶XVI). Once again, Plaintiff's assertions do not demonstrate discrimination. After an investigation, the New York City Commission on Human Rights determined that there was no evidence of discrimination. (*See* Cabiness Reply Aff. Ex. 2). Notably, Plaintiff fails to inform

- 8 -

the Court about the determination.  Plaintiff asserts that Cabiness, who is African-American, made discriminatory comments when Plaintiff stormed into her office and was raising his voice, at which time Cabiness told Plaintiff that he was possessed, as he was acting in an inappropriate manner.  (Cabiness dep. 62-63 ).  Plaintiff's assertions, regardless of how he characterizes the word "possessed," does not demonstrate race or national origin discrimination.  Plaintiff also asserts that people would make discriminatory comments towards him.  However, the only person identified by Plaintiff is Andrei Gourianov.  (Pla. Aff. ¶X).  Notably, when asked about this comment, Plaintiff testified that he never complained to anyone about this alleged comment.  (Pla. dep. 96).  Assuming arguendo that the comment was made, Plaintiff never complained, Gourianov was a non-decision maker, and said allegation is insufficient to defeat Defendant's motion for summary judgment.  *See Dixon v. Int'l Federation of Accountants*, 2011 U.S. App. LEXIS 6116, *3-4 (2d Cir. 2011) (granting summary judgment where discrimination claim was based on an isolated derogatory remark by co-employee having no role in plaintiff's termination).  *See also Posner v. Sprint/United Management Co.*, 2007 U.S. Dist. LEXIS 20011, *15 (S.D.N.Y. 2007) ("Stray remarks by non-decision makers or by decision-makers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision.") (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 1992 U.S. App. LEXIS 33794, *121 (3d Cir. 1992)); *Young v. Daughters of Jacob Nursing Home*, 2011 U.S. Dist. LEXIS 74694, *17 (S.D.N.Y. 2011) ("[S]uch isolated or 'stray' remarks are insufficient to support an inference that a particular personnel decision was discriminatory, especially when the context provides no connection to the decision at issue and the speaker is not shown to have been involved in the decision.").  Last, Plaintiff asserts that Sharon Myrie, who is African-American, created conflict and that Plaintiff reported this to BBG's President.  (Pla. Aff.

- 9 -

¶¶XI-XII).  Plaintiff admits that his complaint about Ms. Myrie had nothing to do with race or national origin (Pla. dep. 83-84) and that BBG nevertheless conducted an investigation into his complaint about Myrie.

## CONCLUSION

For all the foregoing reasons and for the reasons set forth in Defendant's initial memorandum of law, Defendant respectfully requests that this Court grant its motion for summary judgment, dismiss the Complaint in its entirety and award Defendant such other and further relief as this Court deems just and proper.

Dated: July 29, 2011
      New York, New York

                                       Respectfully submitted,
                                       CLIFTON BUDD & DeMARIA, LLP
                                       *Attorneys for Defendant*

By: _____s_____
                George F. Brenlla, Esq. (GB-9612)
                420 Lexington Avenue, Suite 420
                New York, New York  10170-0089
                (212) 687-7410

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_Maurice Louis_ _Plaintiff_

ORIGINAL

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

_10_ Civ. _05406 (JG) (LB)_

- against -

**AFFIRMATION OF SERVICE**

_Brooklyn Botanic Garden_

_Defendant_

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, _Maurice Louis_ , declare under penalty of perjury that I have
(name)

served a copy of the attached _Plaintiff Motion To Strike Defendant_
(document you are serving) _Reply Memorandum_

_Defendant's Attorney_

upon _George F Brenda Clifton & Budd_ whose address is _at_
(name of person served)

_420 Lexington Ave Suite 420 New York NY 10170_
(where you served document)

by _US Mail 1st Class_ .
(how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated:   _Brooklyn_   _NY_
         (town/city)   (state)

         _August_   _11_ , 20 _11_
         (month)   (day)  (year)

_Maurice Louis_
Signature

_130 Pennsylvania Ave_
Address

_Roosevelt NY_
City, State

_11575_
Zip Code

_516 223 3110_
Telephone Number

RECEIVED
AUG 11 2011
PRO SE OFFICE

Rev. 05/2007